**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO TRIBUNE, LLC,<br><br>    Plaintiff<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 727,<br><br>    Defendant. | Case. No. 18-cv-05527 |

**COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD**

Plaintiff, Chicago Tribune, LLC (the "Tribune"), by Honigman Miller Schwartz and Cohn LLP, brings this action against Defendant Teamsters Local Union No. 727 (the "Union") and states as follows:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §185, to vacate a labor arbitration award (the "Award") issued by Arbitrator Amedeo Greco (the "Arbitrator") on July 25, 2018, in connection with a labor arbitration between the Tribune and the Union. A copy of the Award is attached as Exhibit A.

2. The Award was issued pursuant to a collective bargaining agreement between the Tribune and the Union (the "CBA"). The Award holds that the Tribune is contractually obligated to pay its Union represented truck drivers ten hours of overtime pay anytime they perform an absent driver's work during their day or night shifts. In reaching that conclusion, the Arbitrator impermissibly added that term into the CBA and dispensed his own brand of industrial justice.

3. The Award must be vacated because it does not draw its essence from the CBA,

28455765.1

disregards and contradicts the unambiguous language of the CBA, and imposes an obligation on the Tribune not bargained for by the parties. The CBA expressly provides that an arbitrator is prohibited from adding to, subtracting from, or altering in any way its express provisions. Yet this is precisely what the Arbitrator did when he gave legal effect to a past practice which finds no support in the clear and unambiguous terms of the CBA. The Arbitrator impermissibly exceeded his authority under the CBA, and as a result, the Award should be vacated.

## PARTIES

4.  The Tribune publishes and distributes the <u>Chicago Tribune</u> newspaper throughout Chicago and surrounding areas, including parts of Indiana and Wisconsin. The Tribune employs approximately 120 hourly truck drivers ("drivers") who are involved in distributing and delivering the <u>Chicago Tribune</u> and other publications. The Tribune is an employer authorized to do business in the State of Illinois and it is engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §§ 142, 153 and 185.

5.  The Union is a labor organization representing employees in an industry affecting commerce within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and Section 301 of the LMRA, 29 U.S.C. § 185. The Union is the exclusive collective bargaining representative for the Tribune's drivers and maintains a place of business in Park Ridge, Illinois, and otherwise conducts business within the State of Illinois and the geographic area comprising the Northern District of Illinois.

## JURISDICTION AND VENUE

6.  Section 301 of the LMRA grants jurisdiction to federal courts to hear suits over violations of collective bargaining agreements, including those seeking to vacate arbitration awards. Because the Award was issued pursuant to a collective bargaining agreement, the Tribune brings this action under Section 301 of the LMRA.

28455765.1

7. The Tribune also brings this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, et seq..

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185(c). This Court likewise has jurisdiction under the FAA insofar as it applies.

9. Venue is proper in this District pursuant to 29 U.S.C. §185 (a) and 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

### A. The CBA

10. The Tribune and the Union have negotiated and been parties to multiple CBAs over several decades. The CBA at issue in the Award and this case was negotiated in 2014 and expired on June 14, 2016 ("2014 CBA"), a copy of the CBA is attached to this Complaint as Exhibit B. The CBA governs the terms and conditions of employment for the Tribune's drivers represented by the Union.

11. Section 12 of the CBA provides in full as follows:

> 12. Any man on being recalled after leaving the premises at the conclusion of a day's or night's work shall be paid for the time worked after he is thus recalled at the overtime rate of time and one-half, and shall be paid a bonus of Two Dollars ($2.00), whether employed or not. There shall be at least a ten hour interval between work shifts.
>
> All drivers are required to have a 10 hour bridge between the time they finish a shift and start their next one. Whenever the bridge is broken the driver will receive overtime at time and one-half of his hourly rate. The overtime will be the amount of time the 10 hour bridge was broken by, up to a maximum of 10 hours.

12. Through several decades of negotiations, no language has been added to Section 12.

13. Section 10 of the CBA provides that the starting time and time of finish for an employee shall be designated by the Tribune. (Exhibit B).

14. Section 11 of the CBA provides that, "[A]ll time in excess of 8 hours, day work, or 7½ hours, night work, shall be paid for at time and one-half on the regular straight time rates," and that, "[o]vertime rates shall be paid only for actual time worked in excess of hours set forth in this Section." (Exhibit B)

15. Section 32 of the CBA sets forth the grievance and arbitration procedure in the event of a dispute over the CBA's terms, and it culminates in final and binding arbitration. That section of the CBA expressly restricts the powers of the arbitrator, stating that "[T]he arbitrator's authority shall be limited to interpreting the provisions of this Agreement and the arbitrator shall have no power to amend, modify, change, add to or delete from the terms of this Agreement." (Exhibit B)

16. The CBA provides in Section 42 that, "The Contract covers all principal matters between the parties." There is no language in the CBA giving an arbitrator the authority to rely on evidence of past practice as a basis for varying the terms of the CBA.

### B. The Grievance

17. On March 17, 2016, the Union filed a grievance (the "Grievance") alleging that the Tribune violated Sections 11, 12 and "any other applicable provisions of the CBA, as well as a violation of the past practice." A copy of the Grievance is attached to this Complaint as Exhibit C. The Grievance contained a "summary of member's position", which stated "gap pay provision was a past practice that must be honored with respect to DOT Laws" but did not identify any aggrieved Tribune employee. (Exhibit C).

18. The Tribune denied the Grievance, which sought to have its truck driver employees be paid ten hours of overtime at the rate of time and a half of their regular hourly rate

for anytime they performed another driver's work during their 8 hours, day work or 7½ hours, night work.

### C. The Arbitration Award

19. An arbitration hearing for the grievance was held before the Arbitrator on February 23, 2018 in Chicago, Illinois.

20. On July 25, 2018, the Arbitrator issued the Award. See Exhibit A.

21. In the Award, the Arbitrator noted that "shifts normally last 7.5 or 8 hours and drivers are fully paid for their shifts regardless of when they finish." (Exhibit A, Award at p. 2). The Arbitrator further noted that "[G]ap pay (also called bridge pay) is paid at 1.5 times the rate of driver's base pay rate and relates to time off between shifts and is provided for in Section 12 of the agreement which states the drivers are entitled to ten hours' rest between shifts and that they are to be paid up to ten hours if that gap is broken." (Exhibit A, Award at p. 2).

22. Although the clear and unambiguous language of the CBA specifies that a shift is either 8 hours or 7½ hours of work depending on whether it is a day or night shift, that overtime is only paid for working beyond those hours, and that gap pay is only paid for time which is worked during the CBA required ten-hour bridge between the end and start of a driver's 8 or 7½ hour shift, the Union claimed that there was a past practice for paying ten hours of gap when a Tribune driver performed all or part of another driver's work during his 8 or 7½ hour shift.

23. While the Arbitrator found in the Award that "the Company properly points out" that the Union witnesses "did not specifically identify and specify a driver who was paid consistent to the past practice they described," he then disregarded the clear language of the CBA and concluded "the Company violated Section 12 of the agreement when it failed to pay gap pay to drivers for additional work they do beyond their regularly scheduled shift." (Exhibit A, Award pp. 8-9, 11).

5

24. The Arbitrator ignored the fact that the Union's alleged practice is contrary to the clear language of Section 12 of the CBA. Instead, the Arbitrator impermissibly dispensed his own brand of industrial justice which would require the Tribune to pay its drivers ten hours of gap pay at time and a half for performing as little as fifteen minutes of an absent driver's work during their shift by stating that "the Company can avoid that absurdity by simply assigning that work to someone else as Section 12 on its face states that gap pay must be paid for time worked and all circumstances during the ten hour gap period." (Exhibit A, Award at p. 10).

25. The Arbitrator exceeded his limited authority and impermissibly amended, modified, changed and/or added language to Section 12 of the CBA by requiring that the Tribune pay ten hours of overtime at time and one-half to any driver who may perform another driver's work during his 8 or 7½ hour day or night shift. The Arbitrator clearly exceeded the express limitation on his authority set forth in Section 32 of the CBA which specifically prohibited him from amending, modifying, changing, or adding to the terms of the CBA.

26. The Arbitrator exceeded his authority because his Award fails to draw its essence from the CBA but instead dispensed his own brand of industrial justice.

27. A review of both the relevant terms of the CBA and the Arbitrator's own words makes clear that the Award disregards the CBA's clear terms.

28. Despite the fact that the CBA does not provide for the payment of ten hours gap pay to a driver for performing another driver's work during the driver's scheduled day or night shift, the Arbitrator wrote such a requirement into the CBA and disregarded the limitations imposed on his authority.

**CLAIM FOR RELIEF**

WHEREFORE, Plaintiff Chicago Tribune, LLC respectfully requests that this Court enter an Order vacating the Award and grant such further relief as the Court deems just and proper.

Dated:  August 14, 2018          Respectfully submitted,

                                        HONIGMAN MILLER SCHWARTZ AND COHN LLP

                                        By: */s/ Russell S. Linden*
                                             Russell S. Linden (P34863) (pro hac vice application pending)
                                             39400 Woodward Avenue, Ste. 101
                                             Bloomfield Hills, MI  48304
                                             Telephone: (313) 465-7466
                                             Facsimile:  (313) 465-7467
                                             rlinden@honigman.com

                                        By: */s/ Jason M. Rosenthal*
                                             Jason M. Rosenthal (ARDC# 6243774)
                                             155 N. Wacker Drive, Ste. 3100
                                             Chicago, IL  60606
                                             Telephone: (312) 701-9300
                                             Facsimile: (312) 701-9355
                                             jrosenthal@honigman.com

                                        *Attorneys for Plaintiff Chicago Tribune, LLC*

28455765.1

## **EXHIBIT LIST**

Pursuant to Local Civil Rule 5.2(d), Plaintiff Chicago Tribune, LLC provides the following list of exhibits attached to this Complaint:

**Exhibit A:** Arbitration Award dated July 25, 2018

**Exhibit B:** Collective Bargaining Agreement

**Exhibit C:** Grievance

28455765.1