UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TRIBUNE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 727,<br><br>Defendant. | No. 18 CV 5527<br><br>Judge Manish S. Shah |

## ORDER

Defendant's motion to dismiss [13] is granted. Plaintiff's motion for judgment on the pleadings [21] is denied. A status hearing is set for June 20, 2019, at 9:30 a.m.

## STATEMENT

The Chicago Tribune and the defendant union arbitrated a dispute over their collective bargaining agreement, and the Tribune now brings a claim to vacate the arbitration award while the union brings a counterclaim to enforce it. The union moves to dismiss the Tribune's claim, and the Tribune moves for judgment on the pleadings as to its claim and the union's counterclaim.

Both motions are subject to the same standard. *See Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). The complaint must "state a claim for relief that is plausible on its face." *Id.* I consider only the pleadings, documents incorporated by reference in the pleadings, and matters subject to judicial notice, accepting the well-pleaded facts as true and drawing all reasonable inferences in the non-movant's favor. *See Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

The parties' CBA provides that:

> All drivers are required to have a 10 hour bridge between the time they finish a shift and start their next one. Whenever the bridge is broken the driver will receive overtime at time and one-half his hourly rate. The overtime will be the amount of time the 10 hour bridge was broken by, up to a maximum of 10 hours.

[1] ¶ 11; [17] ¶ 11.[1] The union filed a grievance against the Tribune, alleging that it was violating this gap-pay provision. [1] ¶ 17; [17] ¶ 17. The Tribune denied the grievance, and the parties proceeded to CBA-mandated arbitration. [1] ¶¶ 18–19; [17] ¶¶ 18–19; [1-1] at 29–30.

The arbitrator was tasked with determining "[w]hether the drivers covered under [the CBA] are entitled to what is known as gap pay for additional work they do beyond their regularly scheduled shift and, if so, what is the appropriate remedy?" [1-1] at 2. The arbitrator decided that (1) covered drivers were entitled to gap pay "for additional work they do beyond their regularly scheduled shift" and (2) the Tribune must compensate drivers who in the past did not receive gap pay "when they worked part or all of a back-to-back shift during the ten-hour gap period" and provide gap pay to drivers who work such shifts in the future. [1-1] at 13.

Judicial review of labor arbitration awards is "extraordinarily deferential." *Ameren Illinois Co. v. Int'l Bhd. of Elec. Workers*, 906 F.3d 612, 616 (7th Cir. 2018). An award will not be disturbed even if the arbitrator made a factual or legal error, so long as his award "draws its essence from the CBA and is not merely his own brand of industrial justice." *Id.* (cleaned up). The court "will vacate only if there is no possible interpretive route to the award." *Dexter Axle Co. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 90, Lodge 1315*, 418 F.3d 762, 768 (7th Cir. 2005) (citation omitted).

The arbitrator's award is supported by the CBA's text. The gap-pay provision says that drivers are entitled to a 10-hour bridge "between the time they finish a shift and start their next one," and they must receive gap pay when that bridge is broken. [1] ¶ 11. As the arbitrator reasoned, "a shift" suggests one shift. [1-1] at 8. It is no far leap then to the arbitrator's conclusion that drivers are entitled to gap pay "for additional work they do beyond their regularly scheduled shift." [1-1] at 13. The award also requires gap pay when a driver works "part or all of a back-to-back shift," [1-1] at 13, which is the same thing—a back-to-back shift is presumably a shift following another one with no bridge in between. The fact that the arbitrator analyzed past practices does not require the award to be vacated, since the award is otherwise grounded in the CBA. *See United States Soccer Fed'n, Inc. v. United States Nat'l Soccer Team Players Ass'n*, 838 F.3d 826, 835 (7th Cir. 2016) (vacating arbitrator's award for relying on past practices in a manner that "ignored and contradicted the clear and ambiguous terms" of the CBA). Because the arbitrator's award draws its essence from the CBA, it must be enforced.

The Tribune's quarrel is not with the arbitrator's award but rather with its interpretation of it. The Tribune characterizes the award as holding that "the Tribune is contractually obligated to pay its Union represented truck drivers ten hours of

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header at the top of filings.

overtime pay anytime they perform an absent driver's work during their day or night shifts." [1] ¶ 2.[2] There are two parts to this purported holding—first, that the Tribune must pay back-pay when a driver does someone else's work during her own "shift," and second, that it must pay a full 10 hours' worth of gap pay even if the driver only worked, for example, 15 minutes of the 10-hour bridge. Neither necessarily follows from the arbitrator's award.

The first part of the Tribune's interpretation hinges on the definition of "shift," as both parties seem to acknowledge. So, for example, if a "regularly scheduled shift" means "the driver's regular route deliveries," then maybe, under the arbitrator's award, a driver who was asked to do someone else's deliveries during her scheduled time would be entitled to gap pay. But if "regularly scheduled shift" means "the 8- or 7 ½-hour scheduled work time," then a driver asked to do someone else's work during that time would not be entitled to gap pay under the arbitrator's award, because the extra work would still be part of the driver's original shift. But the arbitrator did not define shift (though he did acknowledge that "[s]hifts normally last 7.5 or 8 hours," [1-1] at 3). And, contrary to the Tribune's assertion otherwise, neither the overtime provision nor any other of the CBA's provisions unambiguously defines "shift."

As to the amount of gap pay, the arbitrator never held that the Tribune must pay a full 10 hours' worth regardless of how long the driver worked. If he had, the holding would have been contrary to the plain language of the CBA. *See* [1] ¶ 11 ("The overtime will be the amount of time the 10 hour bridge was broken by, up to a maximum of 10 hours."). The Tribune's interpretation of the arbitrator's award seems to be based on the arbitrator's comment on one of its arguments, which was that the "absurdity" of the union's arbitration position was illustrated by a witness's testimony that the gap-pay provision requires that "drivers be paid ten hours of gap pay for performing as little as 15 minutes of an absent driver's not driving their shifts." [1-1] at 11. The arbitrator disposed of the Tribune's point by saying that the Tribune "can avoid that 'absurdity' by simply assigning that work to someone else" since the gap-pay provision says "that gap pay must be paid for time worked in **all** circumstances during the ten-hour gap period." [1-1] at 11 (emphasis in original). Perhaps the arbitrator misunderstood the point of the Tribune's argument—maybe he understood it to be about the circumstances where gap pay is required instead of the amount of back pay. Regardless, it does not undermine his award, which does not require the Tribune to pay 10 hours of gap pay regardless of time worked.

Ultimately, interpretation and application of the award is for the arbitrator to sort out, and I will not vacate the award based on the Tribune's interpretations.

---

[2] *See Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("Where an exhibit and the complaint conflict, the exhibit typically controls. A court is not bound by the party's characterization of an exhibit and may independently examine and form its own opinions about the document.").

3

In addition to asking that I enforce the arbitrator's award, the union claims that the Tribune has not complied with the award, which would constitute a breach of the CBA, and requests damages for the breach. But the Tribune denies that it has failed to comply with the arbitrator's award, [18] ¶ 16, so judgment on the pleadings is inappropriate.

The Tribune's claim to vacate the arbitrator's award is denied, and the union's claim to enforce the award is granted. Whether there are any damages to be awarded requires additional proceedings.

ENTER:

                                        Manish S. Shah
                                        United States District Judge

Date: June 3, 2019